# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 20-cr-81 (SRN/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Antonio Eric Torres Maldonado, | |
| Defendant. | |

This matter comes before the Court on Defendant Antonio Eric Torres Maldonado's Motion for Continuance of Motion Hearing, ECF No. 23, and Motion to Exclude Time Under the Speedy Trial Act, ECF No. 24. Defendant has also filed a Statement of Facts in Support of Exclusion of Time Under the Speedy Trial Act. ECF No. 25. Defendant requests that the criminal motions hearing previously scheduled for July 8, 2020, be continued as he and his counsel "need[] additional time to review discovery, request additional discovery, and discuss [this case]." ECF No. 23 at 1. Defendant is in custody and, for reasons related to the ongoing COVID-19 pandemic, must meet with counsel "via Zoom." ECF No. 23; *see generally In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, Gen. Order No. 17 (D. Minn. June 26, 2020) (noting local detention facilitates have implemented COVID-10 restrictions that impact the ability of pretrial detainees to consult with legal counsel).[1] Defendant requests

---

[1] All General Orders related to the COVID-19 pandemic may be found on the Court's website at https://www.mnd.uscourts.gov/coronavirus-covid-19-guidance.

1

that the criminal motions hearing be continued until August 7, 2020.[2]  The Government has no objection to the requested continuance.

Beginning on March 13, 2020, and continuing thereafter, the Honorable John R. Tunheim, Chief District Judge for the United States District Court for the District of Minnesota, has issued a series of General Orders in connection with the COVID-19 pandemic.  General Order No. 17, entered on June 26, 2020, vacates General Order No. 14, entered on May 15, 2020, which addressed criminal proceedings and trials.  General Order No. 17 continues to encourage the use of videoconferencing in criminal proceedings and states that, with the defendant's consent, criminal proceedings will be conducted by videoconferencing, or telephone conferencing if videoconferencing is not reasonably available.  General Order No. 17 further provides that, if the defendant declines to consent to proceeding by videoconferencing or telephone conferencing, the matter can be continued until an in-person hearing can be held.  Specifically, General Order No. 17 states the following concerning the Speedy Trial Act:

> If the proceeding must be continued, the Court finds that the time of the continuances implemented by this order will be excluded under the Speedy Trial Act, as the Court specifically finds that the ends of justice are served by ordering the continuances and outweigh the best interests of the public and of the criminal defendants under 18 U.S.C. § 3161(h)(7)(A).  Absent further order of the Court or any individual judge, the period of exclusion shall be from March 17, 2020, to the date that the criminal proceeding takes place. The Court may extend the period of exclusion as circumstances may warrant.

---

[2] Defendant initially sought an extension of time until August 10, a Monday.  ECF No. 23 at 1; *see* ECF No. 24 at 1.  Having obtained a potential time slot for August 7, the Friday before, at the facility where Defendant is confined, the Court inquired whether this would give Defendant sufficient time.  By e-mail correspondence, Defendant indicated his consent to proceed on August 7 based on information presently available and would advise the Court as soon as possible if circumstances should change.

For the reasons addressed in these General Orders and the well-documented concerns regarding COVID-19, the Court finds that, pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by granting the continuance outweigh the best interests of the public and Defendant in a speedy trial and such continuance is necessary to provide Defendant and his attorney reasonable time necessary for effective preparation and to make efficient use of the parties' resources.  The Court further finds that, pursuant to 18 U.S.C. § 3161(h)(7)(B)(i), a miscarriage of justice would result if time were not excluded under these unique circumstances.

Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion for Continuance of Motion Hearing, ECF No. 23, is **GRANTED**.

2. Defendant's Motion to Exclude Time Under the Speedy Trial Act, ECF No. 24, is **GRANTED**.

3. The period of time from **July 1[3] through August 7, 2020**, shall be excluded from Speedy Trial Act computations in this case.

4. It is the Court's understand that Defendant has consented to conducting the criminal motions hearing using videoconferencing.  **Defense counsel shall file a letter indicating whether Defendant consents to a motion hearing by videoconference on or before July 31, 2020.**

5. The criminal motions hearing is continued to **August 7, 2020, at 1:00 p.m., and will occur by ZOOMGOV videoconferencing technology.**

6. The Court understands that no witnesses will be called.  **If this is incorrect, counsel shall inform the Court no later than 5:00 p.m. on August 4, 2020.**

---

[3] The indictment in this case was filed after March 17, 2020.  Therefore, the Court excludes time from the date the instant motions were filed.

7. **Counsel shall pre-mark and make .pdf copies of all possible exhibits that they may seek to introduce at the hearing, and e-mail one complete set thereof to leung_chambers@mnd.uscourts.gov no later than 5:00 p.m. on August 6, 2020. Counsel shall also e-mail one complete set of .pdf copies of all such potential pre-marked exhibits to opposing counsel no later than 4:00 p.m. on August 6, 2020.**

8. **The trial date and other related dates will be at a date and time to be determined. Counsel must contact the Courtroom Deputy for District Judge Susan Richard Nelson to confirm the new trial date.**

Dated: July 24, 2020

        *s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*United States v. Torres Maldonado*
Case No. 20-cr-81 (SRN/TNL)